IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

**CAHABA RIDGE**
**RETIREMENT COMMUNITY,**
**LLC,**

    **Plaintiff,**

v.                                                                CASE NO.:

**BRENDLE SPINKLER CO.,**
**INC.**

    **Defendants.**

### DEFENDANT BRENDLE SPRINKLER CO., INC.'S NOTICE OF REMOVAL

COMES NOW, Brendle Sprinkler Co., Inc. (hereinafter "Defendant"), a Defendant in the above-styled cause, by and through the undersigned counsel of record, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of Jefferson County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama. In support of this Notice, this Defendant states as follows:

#### Background

1. On March 28, 2022, Plaintiff Cahaba Ridge Retirement Community, LLC (hereinafter "Cahaba") filed its Complaint with the Circuit Court of Jefferson County, Alabama, styled as Cahaba Ridge Retirement Community, LLC v. Brendle Sprinkler Co., Inc. Service was perfected on this Defendant on March 31, 2022. The entire Jefferson County Circuit Court file, including a copy of Defendant's Notice of Removal to be filed with the Circuit Court of Jefferson County, is attached hereto as "Exhibit A."

2. Plaintiff's Complaint alleges property damage allegedly arising out of work

performed by this Defendant at the Cahaba Ridge facility located at 3090 Healthy Way, Vestavia Hills, Alabama. Plaintiff claims that this Defendant was brought to the Cahaba facility to perform an annual backflow prevention inspection at its facility. Plaintiff further claims that, during the inspection, an employee of this Defendant shut off the valve that controlled the pilot pressure valve, which caused the system to fail to regulate the water pressure within the facility, causing a rupture in the lines and ensuing property damage.

3. Plaintiff Cahaba Ridge is a limited liability company organized and operating under the laws of the State of Nebraska with its principal place of business located in Lincoln, Nebraska. (See Complaint, Doc. 2 of Exhibit A).

4. This Defendant is an Alabama corporation with its principal place of business in Montgomery, Alabama.

5. Plaintiff Cahaba Ridge is now claiming damages, which they allege to have incurred due to this Defendant's work at the facility, in an amount of $268,458.91. (Doc. 2 of Exhibit A).

6. This Defendant unequivocally denies the claims asserted against it by the Plaintiff. However, because there is complete diversity of citizenship between Cahaba Ridge and this Defendant, and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332, 1441, and 1446.

## Propriety of Removal

7. This action is removeable pursuant to 28 U.S.C. §1441(a), which states that removal is appropriate in "any civil action brought in State Court of which the district courts

of the United States have original jurisdiction." 28 U.S.C. §1441(a). The District Courts of the United States have original jurisdiction under 28 U.S.C. §1332 where there is a complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

8. The United States District Court for the Northern District of Alabama embraces the locality in which the state court action is currently pending, making this Court the proper forum pursuant to 28 U.S.C. §1441(a).

9. Pursuant to the requirements of 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon this Defendant have been attached hereto.

10. A copy of this Notice of Removal is being served upon Plaintiff pursuant to 28 U.S.C. §1446(d), and a copy is being filed with the Circuit Court of Jefferson County, Alabama.

11. As set forth more fully below, this case is properly removed to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §1441 because the procedural requirements for removal are satisfied.

**Removal is Timely**

12. The United States Code provides that "[t]he notice or removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1441(b)(1).

13. Service of the Plaintiff's Complaint was perfected on this Defendant on March 31. 2022. The thirty (30) day deadline for removal for this Defendant therefore falls on April

30, 2022.

14. This Notice of Removal is filed prior to the expiration of this thirty (30) day deadline.

**Complete Diversity of Citizenship Exists Between the Parties**

15. There is complete diversity of citizenship between the Plaintiff and the Defendant. Removal is appropriate in "any civil action brought in state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). The District Courts of the United States have original jurisdiction over this matter because the suit is between "citizens of different states" as required by 28 U.S.C. §1332(a)(1) through 28 U.S.C. §1332(c)(1).

16. At all times material hereto, Plaintiff has been a resident entity of the State of Nebraska. (See Doc. 2 of Exhibit A).

17. This Defendant is a resident entity of the State of Alabama with its principal place of business in Montgomery, Alabama. When determining whether there is complete diversity among parties to an action, District Courts are to consider a corporation as a citizen of the state in which it was incorporated as well as the state in which it holds its principal place of business. 28 U.S.C. §1332(c)(1). Accordingly, the Plaintiff's foreign citizenship in the State of Nebraska renders the parties to this action completely diverse.

18. Venue is proper in this Court because the United States District Court for the Northern District of Alabama encompasses Jefferson County, Alabama where this action was filed in state court. 28 U.S.C. §1441(a).

**Amount in Controversy Exceeds $75,000**

19. Plaintiff has made a claim for property damage allegedly incurred due to the actions of this Defendant while performing an annual backflow prevention inspection at its facility. (Doc. 2 of Exhibit A).

20. The United States Supreme Court has held that "as specified in §1446(a), a defendant's notice of removal need only include plausible allegations that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the Plaintiff contests, or the court questions, the defendant's allegations." *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014).

21. Further, the United States Code provides that "[i]f removal is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2).

22. The Plaintiff's demand for a judgment in the amount of $268,458.91 is sufficient to establish that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

**Conclusion**

23. As set forth above, this Notice of Removal has been timely filed. Furthermore, complete diversity of citizenship exists between the parties to this action. The amount in controversy also exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

24. The prerequisites for removal under 28 U.S.C. §1441 have been met.

25. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Jefferson County, Alabama.

26. For the foregoing reasons, this Honorable Court has original jurisdiction to hear this case due to the diversity of citizenship and the amount in controversy between the parties.

**WHEREFORE,** Defendant Brendle Sprinkler Co., Inc. hereby removes this action to this Honorable Court.

Respectfully submitted,

***/s/Jeffrey L. Luther***

_____
JEFFREY L. LUTHER (LUT003)
LUTHER, COLLIER, HODGES & CASH LLP
401 Church Street
Mobile, AL  36602
PH: (251) 694-9393
FX: (251) 694-9392
P/ jluther@lchclaw.com
S/ jllservice@lchclaw.com
*Attorney(s) for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 28th day of April, 2022 electronically filed the foregoing with the Clerk of the Court using the *Alafile* system and have served copies on each of the following via e-mail:

Michael A. Montgomery
Butler, Weihmuller Katz Craig, LLP
Post Office Box 850268
Mobile, Alabama 36685
mmontgomery@butler.legal
*Attorney for Plaintiff*

                                                */s/Jeffrey L. Luther*

                                                OF COUNSEL